IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | No. 1:24-CR-074-RP |
| ) | |
| JASON PENNEY   ) | |
| ) | |

**MOTION TO EXTEND SURRENDER DATE**

Comes now the Defendant, Jason Penney, by and through counsel, and respectfully moves this Court to extend his surrender date to Monday, June 9, 2025. In support of his motion, Mr. Penney states:

1. On April 24, 2025, this Court sentenced Mr. Penney. (Dkt. 67.) This Court's judgment stated that Mr. Penney "shall surrender for service of sentence at the institution designated by the Federal Bureau of Prisons *as notified by the United States Marshal.*" (Dkt. 70) (emphasis added). Until undersigned counsel called the United States Marshal Service ("USMS") today, it had never notified Mr. Penney or his counsel of a surrender date or location.

2. On or around May 24, 2025, Mr. Penney called U.S. Pretrial Services Officer Antonio Newbern to inquire about when he would receive notice of his designation and surrender date. Officer Newbern told him that his surrender date was May 26, 2025—just two days later (and on Memorial Day). Neither the USMS nor anyone else had notified Mr. Penney, his Probation Officer, or undersigned counsel of any designation or surrender date.

3. Mr. Penney contacted undersigned counsel who advised[1] that, in all previous experiences in various districts, the USMS notifies defendants and their counsel of surrender dates and locations to surrender through a "Designation Letter," which is typically filed in the court record. Because the Court's Judgment confirmed that the USMS would notify him of his surrender date, and because no one had received any notice prior to Mr. Penney calling Officer Newbern, undersigned counsel advised that this information was inaccurate and that he should wait to receive formal notice from the USMS before reporting. Undersigned counsel also noted that the USMS usually provides much more than two days' notice to report and, in his experience, reporting early can result in a defendant inadvertently not receiving "good time" credits.

4. On or about May 27th, Officer Newbern called Mr. Penney and asked why he had not surrender. Mr. Penney told him that he was advised by counsel not to surrender because he had not received a Designation Later or any other form of notice from USMS. On the same call, Officer Newbern checked his records and admitted that the May 26th date he had previously provided was not accurate and that his "new date" to surrender was June 4, 2025.

5. Once again, the USMS did not notify Mr. Penney or undersigned counsel of that surrender date.

6. Mr. Penney attempted to contact his Probation Officer in Florida, because he is under supervision in that district, on June 3, 2024, and reached her the

---

[1] Undersigned counsel has confirmed with Mr. Penney that he waives his attorney-client privilege for the limited purpose of explaining why he did not surrender on June 4, 2025.

2

following day. She stated that she had not received any notice from the USMS—or anyone else—of Mr. Penney's surrender date. She advised Mr. Penney not to surrender until she received notice of his designation and that he should stay in touch with his attorneys, who would also receive notice of his designation.

7. Mr. Penney also contacted undersigned counsel, who advised that he did not need to report because neither he nor undersigned counsel had received formal notice from the USMS of his designation, consistent with the Court's Judgment, and that, for the same reasons above, the information from Officer Newbern was presumably again inaccurate.

8. Today, on June 6, 2025, undersigned counsel called Officer Newbern to seek clarification and apprise him of the issues with Mr. Penney's changing surrender dates and the lack of Designation Letter or any other notification from the USMS of Mr. Penney's designation and surrender date, consistent with this Court's Judgment, Dkt. 70. Officer Newbern responded that if Mr. Penney did not surrender by the end of today, June 6, a warrant for his arrest would be issued.

9. As a result, undersigned counsel contacted Assistant United States Attorney Henneke and apprised him of the situation.

10. In addition, undersigned counsel emailed Officer Newbern to inform him that he (undersigned counsel) has spoken with AUSA Henneke and the USMS and would be filing a motion with the Court to extend his surrender date.

11. Undersigned counsel then spoke again with AUSA Henneke, who did not oppose extending the surrender date to Monday June 9, 2025, and stated he would confirm with Officer Newbern.

12. Shortly after, AUSA Henneke informed undersigned counsel that Officer Newbern had already requested that the Court issue a warrant for Mr. Penney's arrest. This request was contrary to Officer Newbern's prior statement that Mr. Penney had until the end of the day to surrender, and it appears Officer Newbern sought the arrest warrant shortly after undersigned counsel informed him that a motion was forthcoming.

13. Mr. Penney is prepared to travel to FCI Coleman to promptly surrender. Due to the circumstances, he asks only that the Court provide him a brief extension until Monday, June 9, 2025 to surrender.

Undersigned counsel attempted to contact AUSA Henneke to confirm that he still had no opposition to extending Mr. Penney's surrender date to Monday, June 9, 2025, but given that it was after business hours, counsel was unable to reach him.

Respectfully submitted,

*/s/ J. Alex Little*
Zachary C. Lawson (TN # 036092 - *pro hac vice*)
J. Alex Little (TN # 029858 - *pro hac vice*)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
zack@litson.co
alex@litson.co
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 6, 2025, a copy of the foregoing motion was served via the electronic case filing system upon all counsel of record.

*/s/ J. Alex Little*
