UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CRIMINAL NO. A-24-CR-00074-RP |
| | § |
| JASON PENNEY, | § |
| | § |
| Defendant. | § |

**UNITED STATES OF AMERICA'S**
**MOTION TO DISMISS "VERIFIED CLAIM AND PETITION FOR HEARING"**

Comes now Plaintiff, United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney and files this Motion to Dismiss the Verified Claim and Petition for Hearing, and would show the Court the following:

**I.**

The United States asserts that the petition filed by Melanie Penney (Petitioner) should be dismissed for failure to establish statutory standing on the grounds that it fails to comply with the statutory requirements of Title 21 U.S.C. §§ 853(n)(3) and (6). In the alternative, the United States moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 based upon Petitioner's discovery responses.

**II.**
**BACKGROUND**

On April 30, 2024, Defendant Jason Penney pled guilty, pursuant to a written Plea Agreement (Doc. 3), to a one-count Information (Doc. 1) charging him with conspiracy to commit wire fraud, Title 18 U.S.C. § 1349. The Information also included a Notice of Demand for Forfeiture pursuant to Title 18 U.S.C. §§ 981(a)(1)(c) and 982(a)(2)(A), as made applicable to

criminal forfeiture by Title 28 U.S.C. § 2461(c), in which the United States gave notice of its intent to forfeit certain property, *inter alia*, namely:

- Real Property Located and Situated at, All that certain lot, parcel or tract of land, situated and lying in the City of Port Orange, in the City Port Orange, in the County of Volusia, State of Florida and being more fully described as: Lot 307, Sanctuary on Spruce Creek, Phase III, According to the Map or Plat thereof, as recorded in Map Book 47, Page(s) 143 through 145, Inclusive, of the Public Records of Volusia County, Florida.
  Parcel Identification Number: 633013003070
  Physical Address: 6100 Sanctuary Garden Boulevard, Port Orange, Florida 321128,

hereinafter referred to as the Subject Real Property.

On May 5, 2023, the United States filed a Notice of Lis Pendens in the County of Volusia on the Subject Real Property. Exhibit A. On September 12, 2024, the United States filed a Partially Opposed Motion for Preliminary Order of Forfeiture (Doc. 30), where the Government contended the Subject Real Property is forfeitable to the United States as property constituting or deriving from proceeds. The United States further contended that the funds used to purchase the Subject Real Property were fraudulent funds obtained by conducting a scheme to defraud computer hardware financing companies.

On October 10, 2024, the Defendant filed his Response (Doc. 36) to the Government's Partially Opposed Motion for Preliminary Order of Forfeiture, in which he requested the Court to deny the motion because he was concerned it would require him and his family to leave the property. He did not contest that he paid for the Subject Real Property with fraud proceeds. *Id.*

On April 25, 2025, this Court entered a Preliminary Order of Forfeiture (Doc. 69), in which this Court forfeited all right, title, and interest of the Defendant in the Subject Real Property. Pursuant to said order, the notice of forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least thirty consecutive days, beginning on April 30, 2025,

and ending on May 29, 2025, as required by Fed. R. Crim. P. 32.2(b)(6)(C). The Declaration of Publication (Doc. 82) was filed on January 16, 2026.

In addition to the internet publication of public notice, the Petitioner received notice of the instant forfeiture. The notice stated that petitions must comply with Fed. R. Crim. P. 32.2 and Title 21 U.S.C. § 853(n).

On May 23, 2025, the Petitioner filed a claim asserting an interest in the Subject Real Property (Doc. 73). In her Petition, she contends that she owns the Subject Real Property; she, along with her husband, purchased it on February 16, 2023; and she was unaware of her husband's criminal conduct. (Doc. 73.) She further claims that she has "made improvements to the house totaling tens of thousands of dollars" and that depriving her of the Subject Real Property "would deprive her of the means to maintain reasonable shelter in the community for her children and herself." (Doc. 73).

To assess whether the Petitioner has any ownership interest in the real property, the Government sent her discovery requests on September 15, 2025, via Federal Express. After providing the Petitioner with two extensions to respond, on December 29, 2025, the Government received her discovery responses. In the discovery responses, the Petitioner failed to provide any evidence showing that she contributed any financial consideration to the purchase of the Subject Real Property or to any improvements made to it.

In particular, in response to the Government's interrogatory request to "state and detail the circumstances as to how you acquired an interest in the Subject Property," the Petitioner claimed "[t]he Subject Property was paid in full using proceeds from the sale of the prior family home. No mortgage loan or financing was used to acquire the Subject Property. Improvements and household expenses were paid from a personal bank account and legitimate loan proceeds in the approximate

3

amount of $100,000." Exhibit B. While the Petitioner attached invoices and documentation related to improvements purportedly made on the property in her discovery responses, she did not provide any documentation that *she* paid for them rather than her husband from his fraud proceeds.

Further, in response to the Government's interrogatory requesting her employment history and evidence of income, she admitted that "during the past five years she was primarily a homemaker and caregiver, responsible for the management, maintenance, and operation of the household and family residence." Exhibit B. While she claimed to have "earned limited and supplemental lawful income, modest in nature, which was used toward household expenses and maintenance of the residence," she conceded that she "has not relied on employment history, salary, supervisor information, or tax records to establish ownership or innocent-owner status."[1] Given her responses, the Petitioner has failed to produce any evidence that she financially contributed to the purchase of the Subject Real Property or to any improvements made to it. Therefore, she cannot establish an ownership interest in the Subject Real Property and the Court should dismiss her claim.

## III.
## MEMORANDUM OF LAW

**Legal Standard for a Motion to Strike Pursuant a Claim**

Third parties claiming an interest in forfeitable property may assert an interest in the forfeited property through the ancillary proceeding under Federal Rule of Criminal Procedure 32.2(c) and 21 U.S.C. § 853(n). Rule 32.2(c)(1)(A) prescribes general procedures, while Title 21 U.S.C. §§ 853(n)(2) and (3) prescribe the specific requirements for filing a petition. Rule 32.2 (c)(1)(A) states in pertinent part the following:

---

[1] Neither the Defendant nor the Petitioner filed tax returns from 2008 through 2019. (Doc. 3.)

> **Rule 32.2.  Criminal Forfeiture**
> * * *
> **(c) Ancillary Proceedings; Entering a Final Order of Forfeiture.**
>> **(1) In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding . . . .
>>> **(A)** In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason . . . .

Title 21 U.S.C. § 853(n)(6) states in pertinent part the following:

> **Title 21 U.S.C. § 853. Criminal forfeitures**
> * * *
> **(n) Third party interests**
> * * *
>> **(6)** If after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—
>>
>> **(A)** the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>>
>> **(B)** the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section . . .

There are only two ways in which a third party can prevail in the ancillary proceeding: "(1) it can establish priority over the interest of the United States by showing that it had an interest in the property superior to the defendant's interest at the time the defendant committed the crime, or (2) it can establish that it was a bona fide purchaser for value of the property, and, at the time of purchase, had no reason to believe that the property was subject to forfeiture." *United States v. Wahlen*, 459 F. Supp. 2d 800 (E.D. Wis. 2006). The Petitioner cannot prevail under either prong.

**Motion to Dismiss Standard**

The Court may dismiss a third-party petition before a hearing or discovery for "lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). "Motions to dismiss under this provision resemble Federal Rule of Civil Procedure 12(b) motions and are reviewed as such." *United States v. Stone*, 304 F. App'x 334, 335 (5th Cir. 2008). Therefore, "the court must "tak[e] all of the petitioner's allegations as true" and may dismiss the petition "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *United States v. Alvarez*, 710 F.3d 565, 567 (5th Cir. 2013). A claimant does not have to prove the allegations in her claim to survive a motion to dismiss, but the allegations, if true, must be sufficient to state a claim. *See United States v. Davis,* No. 3:20-CR-575, 2022 WL 313437, (N.D. Tex. Feb. 2, 2022) at *4 (dismissing a claim that failed to allege the claimant gave anything of value for a life estate in forfeited property because it did not state a claim under § 853(n)(6)(B)).

**Motion for summary judgment standard.**

Federal Rule of Criminal Procedure 32.2 allows the court to apply the civil rules in ancillary proceedings, including motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. *United States v. Corpus*, 491 F.3d 205, 208-09 (5th Cir. 2007). Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An ancillary hearing is necessary only where there are facts in dispute that must be resolved—if the petitioner's claim lacks merit as a matter of law, it can be disposed of on a motion for summary judgment. *United States v. Martinez*, 228 F.3d 587, 589 (5th Cir. 2000).

### A. *The Petitioner cannot establish that her interest in the Subject Real property is superior to the Defendant's interest at the time the defendant committed the crime.*

Regarding the requirement that a third party must establish interest in the property superior to the defendant's interest at the time the defendant committed the crime, courts have held under Title 21 U.S.C. § 853(n) that assertions of interest after the crime has been committed are insufficient and proper grounds for dismissal of a petition. *Martinez*, 228 F.3d at 587 ("there is ample case law supporting the principle that a third-party claim under § 853(n) that fails to provide sufficient detail regarding the nature of the petitioner's interest prior to the crime may be dismissed for failure to comply with the statutes filing requirements").

The Petitioner cannot demonstrate that she has a superior interest in the property than her husband's interest for two reasons. First, she admitted that she and her husband purchased the Subject Real Property on February 16, 2023, well after her husband initiated his fraud scheme. *See* Plea Agreement (Doc. 3) (admitting the Defendant began the scheme by 2014). As they purchased it together about a decade after the fraud started, she cannot show she has an interest superior to her husband. Second, the Subject Real Property was purchased with fraud proceeds, and no third party can assert a prior superior interest with respect to proceeds under the relation back doctrine.

State law determines the Petitioner's interest in property in the ancillary proceeding. *United States v. Morales,* 36 F. Supp. 3d 1276, 1285-86 (M.D. Fla. 2014) (court looks to state law to determine validity and effect of deed by which wife created tenancy by the entireties by quitclaiming her interest to herself and her husband); *see United States v. Butt,* 930 F.3d 410 (5th Cir. 2019) (considering Texas law to determine the validity of a secured interest).

The Subject Real Property is in Florida. The 11th Circuit has held that if the forfeited property is traceable to the proceeds of the crime, the Government's interest under the relation back doctrine will always be superior to that of third party asserting an interest in the property

under § 853(n)(6)(A). *United States v. Eldick,* 223 F. App'x 837, 840 (11th Cir. 2007). 21 U.S.C. § 853(c) provides that all "right, title, and interest in property . . . vests in the United States upon the commission of the act giving rise to forfeiture." Therefore, at the moment a crime creates proceeds, the right, title, and interest to those proceeds vests in the United States. *See United States v. Hooper*, 229 F.3d 818, 822 (9th Cir. 2000) (interpreting § 853(c) and "conclu[ding] that § 853(n)(6)(A) is likely never to apply to proceeds of the crime.").

### B. *The Petitioner cannot demonstrate that she is a bona fide purchaser for value when she admitted she did not pay for her interest in the Subject Real Property.*

The Petitioner did not purchase the property, as she did not have a source of funds. Rather, since at least 2014, her husband's fraud paid for the family expenses. In 2023, when they purchased the Subject Real Property, they used the proceeds from selling their previous home to pay for the house. This prior house was paid for with the Defendant's fraud proceeds. *See* Plea Agreement (Doc. 3) pages 7–8 (describing how proceeds were used to pay the down payment and approximately $590,000 in mortgage payments for the previous house).

Recognizing she did not financially contribute to the purchase of the Subject Real Property, the Petitioner instead requests the Court consider her lack of knowledge of her husband's criminal conduct and the effect forfeiture would have on her and her family. (Doc. 73 ¶¶ 5, 7). But these are improper basis for relief, as the sole avenue to demonstrate a cognizable interest is Title 21 U.S.C. § 853(n)(6), which does not consider these factors when determining a claimant's interest.

While the Subject Real Property was purchased during the Petitioner's marriage to the Defendant, property paid with proceeds cannot become marital property, and any interest the Petitioner may assert based upon marital property law fails. *United States v. Gilowski,* No. 23-10873, 2024 WL 4262800 (5th Cir. Sept. 23, 2024) (finding the defendant's wife had no interest to assert under § 853(n)(6)(A) in real property purchased with criminal proceeds because it became

8

the Government's property under the relation back doctrine at the moment defendant purchased it and never became marital property, even though wife contributed some of her own funds to it).

As the fraud proceeds never belonged to her husband, the Petitioner cannot have a derivative marital interest. At the time the Defendant's criminal conduct generated the proceeds, the right, title, and interest vested in the United States and cannot become marital property. Therefore, the Petitioner's attempt to assert an interest in the Subject Real Property based upon her marriage to the Defendant must fail.

### C. Claimants cannot relitigate forfeitability or rely on lack of knowledge that property was paid for with criminal proceeds.

The only issue in the ancillary proceeding is ownership, and claimants cannot contest whether the district court properly forfeited the defendant's interest. *See Holy Land Foundation*, 722 F.3d 677, 689-90 (5th Cir. 2013) (foreclosing claimants from asserting "an impermissible third-party challenge to the forfeiture of HLF's assets.") This rule barring a claimant from relitigating forfeitability is supported by the advisory committee notes. The ancillary proceeding "does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property." Fed. R. Crim. P. 32.2 Advisory Committee's Note. While the Petitioner does not contest the forfeitability of the Subject Real Property, she repeatedly contends that she was unaware of the criminal conduct. However, whether or not she knew of her husband's criminal conduct, it is inconsequential to demonstrating an interest in the Subject Real Property.

## IV.

WHEREFORE, the United States of America, moves this Honorable Court for an Order to Dismiss the Petition filed by Melanie Penney and for any other relief which the Court deems appropriate. As the Petitioner failed to produce any evidence that she financially contributed to the

purchase or improvements to the Subject Real Property, she cannot articulate a genuine dispute as to any material fact and therefore the United States of America is entitled to judgment as a matter of law.

                                      Respectfully submitted,

                                      JUSTIN R. SIMMONS
                                      UNITED STATES ATTORNEY

By:           /s/
                MARK TINDALL
                Assistant United States Attorney
                Texas Bar #24071364
                903 San Jacinto Blvd., Suite 334
                Austin, Texas  78701
                Tel: (512) 916-5858
                Fax: (512) 916-5854
                Email: mark.tindall@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, the foregoing instrument was sent via electronic mail and FedEx delivery to the following participant:

Melanie Penney
6100 Sanctuary Garden Blvd.
Port Orange, Florida 32128
Email: southernchixllc@gmail.com
*Pro Se*

                                      /s/
                                    MARK TINDALL
                                    Assistant United States Attorney